Light Corrugated Box Company v. Dubison et al.

178

*Abraham Wernick,* for plaintiff.
*A. L. Adams,* for defendant.

PER CURIAM, March 30, 1936.—The exceptions filed by the defendant to the adjudication of the trial judge were argued before the court in banc.

Exceptions 1 to 5 inclusive are to findings of fact of the trial judge, and as there is ample evidence to support

them, we approve and adopt his findings as the findings of fact of the court.

Exceptions 6 to 13 inclusive are to the conclusions of law of the trial judge, and exception 14 is to the decree nisi. For the reasons stated by him in his "discussion", we approve and adopt his conclusions of law and the form of decree to be entered.

Exceptions 15 and 16 are to the failure of the trial judge to consider, rule upon, and affirm the defendant's requests for findings of fact and conclusions of law. These, however, were substantially disposed of in the adjudication. As to the defendant's requests for findings of fact, the facts set forth in the first request were included in the third finding of fact of the trial judge, the facts stated in the second request were included in the fourth and eleventh findings of fact, and the facts in the third request were included in the ninth, tenth, and eleventh findings of fact, and so, as amplified and qualified in the findings of fact, these requests were affirmed. The subject matter of the defendant's fourth and fifth requests was covered by the eighth finding of fact, but the facts pertaining thereto were found against him, and so, obviously, these requests were refused by the trial judge. Likewise, by reason of the facts found by the trial judge in his thirteenth finding of fact, defendant's sixth request was clearly refused.

Defendant's requests for conclusions of law, though not specifically referred to by number, were all carefully considered by the trial judge in his adjudication, under the head of "discussion", and we deem it unnecessary to repeat here or to add to what was stated by him, except to point out that he cited the pertinent decisions and applied the principles therein enunciated to the facts of this case, and also that the defendant may engage in any business whatsoever other than the manufacture and sale of corrugated boxes and other products made of corrugated board. Having reviewed the adjudication in the light of the defendant's argument to us and fully reconsidered

the facts and the applicable principles of law, we are of the opinion that the issues raised in this case were properly determined by the trial judge and that the defendant's exceptions to the adjudication should be dismissed.

Exceptions dismissed.

NOTE.—Final decree in the form of the decree nisi was entered by the court on March 30, 1936.